1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

United States of America,

              Plaintiff,

    v.

Kenton Hardy King,

              Defendant.

Case No. 2:20-cr-00344-JAD-DJA

**REPORT AND RECOMMENDATION**

Defendant Kenton Hardy King is charged in a four count Indictment with Coercion and Enticement in violation of 18 U.S.C. 2422(b); Sexual Exploitation of Children in violation of 18 U.S.C. § 2251 (a) and (e); Attempt Sex Trafficking of Children in violation of 18 U.S.C. §§ 1591(a), 1591(b)(2), and 1954(a); and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (ECF No. 1). King moved to suppress, in relevant part, evidence found on his cell phone as gleaned from an overbroad search warrant. The undersigned magistrate judge recommended that the Honorable District Judge Jennifer A. Dorsey suppress that evidence because the warrant was overbroad and the Government failed to establish that the affidavit was incorporated into the warrant to save it. The Government objected to that recommendation, arguing that the affidavit was incorporated and attaching a declaration of the detective who conducted the search, stating that the detective had the search warrant available for review during the search. Given this new evidence, Judge Dorsey referred the cell phone evidence suppression issue back to the undersigned to reconsider the report and recommendation. Because the Court finds that the warrant incorporated the affidavit and was not overbroad as a result of that incorporation, it recommends denying the motion to suppress.

## PROCEDURAL BACKGROUND

In recommending that Judge Dorsey suppress the cellphone evidence, the Court first analyzed whether the affidavit was incorporated into the warrant. (ECF No. 88). The Court found that, although the warrant stated that it incorporated the affidavit by reference, the Government provided no evidence that law enforcement had the warrant to reference when conducting the cellphone search. (*Id.* at 13-19). As a result, the Court found that the affidavit was not incorporated into the warrant such that it limited the officers' discretion and saved the overbreadth of the warrant. (*Id.*). Without the affidavit to narrow it, the Court found that the warrant was overbroad and recommended suppression of the evidence law enforcement found under its terms. (*Id.* at 19-20).

The Government objected to the recommendation, attaching a declaration from Detective Kari Skinner, who searched the cellphones. (ECF No. 94). In that declaration, Detective Skinner explains,

> When I conducted the search of King's digital devices, I had the entire search warrant application authorizing the search of King's digital devices, dated June 4, 2020, available to me, to include the search warrant, the list of property to be searched, the list of property to be seized, and the affidavit. I maintain a copy of those materials in my case file, and they were available to me for reference while I conducted the search.

(*Id.* at 22).

Given this new evidence, Judge Dorsey referred the issue of whether to suppress the cellphone evidence back to the undersigned magistrate judge to reconsider the report and recommendation. (ECF No. 97).

## LEGAL STANDARDS AND ANALYSIS

**I.    The Court recommends denying King's motion to suppress cellphone evidence.**

**A.        *The warrant incorporated the affidavit.***

The Government's new evidence indicates that the search warrant incorporated the affidavit, allowing the Court to evaluate the affidavit and warrant as a whole and allowing the affidavit to "cure" any defects in the naked warrant. *See U.S. v. SDI Future Health, Inc.*, 568

F.3d 684, 699 (9th Cir. 2009) (citing *United States v. Towne*, 99 F.2d 537, 544 (9th Cir. 1993)).

Specifically, the warrant both incorporated the affidavit by reference and Detective Skinner's

declaration establishes that Detective Skinner had the affidavit at hand when executing it.  *See*

*Towne*, 997 F.2d at 547-58 ("if an affidavit…is expressly incorporated by reference in the

warrant, then there is no reason to expect that the…officer…will fail to be guided by its contents,

so long as it is actually at hand when the search is…executed"); *see SDI Future Health*, 568 F.3d

at 699.  The Court can thus analyze whether the warrant—incorporating the affidavit—was

overbroad.

### B.    The warrant was not overbroad.

"A warrant is overbroad if it fails to establish 'probable cause to seize the particular

thing[s] named in the warrant,' and courts will invalidate warrants 'authorizing a search which

exceeded the scope of the probable cause shown in the affidavit.'"  *United States v. Martinez*, No.

19-cr-00662-JSW-1, 2020 WL 3050767, at *5 (N.D. Cal. June 8, 2020) (quoting *In re Grand Jury*

*Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 857 (9th Cir. 1991)).  Courts consider three

factors in analyzing whether a warrant is overbroad:

> (1) whether probable cause existed to seize all items of a category
> described in the warrant; (2) whether the warrant set forth objective
> standards by which executing officers could differentiate items
> subject to seizure from those which were not; and (3) whether the
> government could have described the items more particularly in
> light of the information available.

*United States v. Flores*, 802 F.3d 1028, 1044 (9th Cir. 2015).

Under the first factor, probable cause exists when "under the totality of the circumstances,

there is a fair probability that contraband or evidence of a crime will be found in a particular

place."  *United States v. Luong*, 470 F.3d 898, 902 (9th Cir. 2006) (internal quotations omitted).

Under the second, the Ninth Circuit considers an affidavit to be part of a warrant, and therefore

potentially curative of any defects if the warrant (1) expressly incorporated the affidavit by

reference; and (2) the affidavit either is attached physically to the warrant or at least accompanies

the warrant while agents execute the search.  *SDI Future Health, Inc.*, 568 F.3d at 699.  And

under the third, specific, technical language is not expected in warrants, which are often drafted

1    by nonlawyers in the midst and haste of a criminal investigation.  *See Illinois v. Gates*, 462 U.S.

2    213, 235 (1983); *see Turner*, 2022 WL 195083, at *6 (finding the *Illinois v. Gates* analysis—

3    which the Supreme Court had applied to the *Spinelli v. U.S.*, 393 U.S. 410 (1969) two-factor

4    test—to be applicable to and persuasive in determining the third factor of the overbreadth

5    analysis).

6                    1.      Probable cause.

7          Now that the Government has demonstrated that the warrant incorporated the affidavit, the

8    Court finds that this factor weighs in favor of finding that the warrant was not overbroad.  The

9    search warrant authorized law enforcement to search for "all data files, records, documents, and

10   materials or other[] evidence described in the warrant" on "[a]ny and all cell phones," and the

11   "iPhone in Kenton King's pocket," without limits on timeframes or content.  Without the

12   affidavit, the warrant did not provide probable cause to search all items of the categories sought.

13   Especially because the warrant only referred to the crimes at issue generally.  But with the

14   affidavit incorporated, the warrant provided sufficient detail about those crimes to establish

15   probable cause that evidence of those crimes would be found on the devices the warrant

16   described.[1]  The Court thus finds this factor to weigh in favor of finding that the warrant was not

17   overbroad.

18                    2.      Objective standards.

19         As discussed above, the Court considers the affidavit to be part of the warrant.  The Court

20   finds that the warrant—incorporating the affidavit—set forth objective standards by which

21   executing officers could differentiate items subject to seizure from those which were not.  In

22   initially finding that the warrant on its own did not set forth objective standards, the Court noted

23   that, although the warrant listed the crimes at issue, it did not describe them in a way that would

24   allow executing officers to differentiate between items subject to seizure and those that were not.

25   However, with the affidavit incorporated, the warrant sufficiently specified the crimes and

26   _____

27   [1] The Court specifically amends its previous conclusion that even if the warrant was incorporated,
     it would not establish probable cause to search "the *entirety* of King's phone and all phones on
28   the premises," which conclusion considered the issue too narrowly.  (ECF No. 88 at 15).

1  underlying facts.  Specifically, the affidavit described the day King met the victim online; the

2  application or webpage (Omegle) through which he met her; that King and the victim continued

3  their conversation through regular text messaging; that they communicated over the phone

4  between June 2, 2023 and June 3, 2023; that King filmed his interaction with the victim; that

5  King made a Tinder profile for her; that King threatened to use social media to post photos she

6  sent him; and that law enforcement called the phone number the victim had provided and that

7  King's phone rang in his pocket.  This is sufficient to provide the contours of the search because

8  it provided the dates to which officers should direct their attention and the apps and webpages on

9  which they should focus.  The Court thus finds that the second factor weighs in favor of finding

10  the warrant to not be overbroad.

11                              3.        Particularity.

12         The Court finds that the warrant, incorporating the affidavit, described the items to be

13  seized with sufficient particularity.  The Court initially found that the warrant itself lacked

14  language describing the items with particularity and that law enforcement applying for the

15  warrant could have described the items more particularly given their interviews with the victim.

16  However, the affidavit described King's phone, the apps he may have used on that phone to

17  commit the subject crimes, and when King may have used them.  This factor weighs in favor of

18  finding the warrant to not be overbroad.

19         The Court thus finds that the warrant—incorporating the affidavit—was not overbroad.  It

20  thus amends its prior report and recommendation.  The Court now recommends that King's

21  motion to suppress the evidence obtained from law enforcement's search of his cell phone be

22  denied.  Additionally, the Court finds that, even if the warrant was overbroad, because it

23  incorporated the affidavit, executing law enforcement relied on it in good faith.[2]

24

25

26

27  ─────────────────
    [2] Because the Court does not find that the warrant was overbroad, and that even if it were, the
28  good faith exception applies, it does not reach the issue of severance.

### C. The good faith exception applies.

"Evidence seized pursuant to a facially valid search warrant that later is held to be invalid may nevertheless be admissible if officers conducting the search acted in good faith and in reasonable reliance on the warrant." *United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995) (citing *United States v. Leon*, 468 U.S. 897, 926 (1984)).  The good faith exception does not apply, however,

> (1) where the affiant recklessly or knowingly placed false information in the affidavit that misled the issuing judge; (2) where the judge wholly abandon[s] his [or her] judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.
>
> *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (internal quotations omitted).

"The government bears the burden of proving that reliance upon the warrant was objectively reasonable." *Kow*, 58 F.3d at 428.

Here, the Government has met its burden of demonstrating that the officers' reliance on the warrant was objectively reasonable.  With the affidavit incorporated, the warrant was not so facially deficient that it precluded reasonable belief in its validity.  Instead, it offered sufficient guidance to law enforcement that, even if it were overbroad, Detective Skinner would have relied on it in good faith.

///

///

///

**CONCLUSION AND RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that King's motion to suppress cellphone evidence (ECF No. 74) be **DENIED.**

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 21, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE