UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:20-cr-00344-JAD-DJA |
|---|---|
| Plaintiff | **Order Scheduling Evidentiary Hearing** |
| v. | |
| Kenton Hardy King, | |
| Defendant | |

Defendant Kenton Hardy King is charged with sexual exploitation of children, attempted sex trafficking of children, possession of child pornography, and coercion and enticement.[1] He moves to suppress the evidence found on his cell phone, arguing that the search warrant was overbroad and did not properly incorporate an affidavit that would have provided more specificity. While the original round of briefing and orders focused on the search of cell-phone data performed by Detective K. Skinner, later rounds of briefing shifted the spotlight to the initial forensic extraction of that data by Detective J. Spangler, and the court held a hearing to further understand the parties' respective arguments on March 25, 2024.

Although that hearing was useful, further developed the record, and pointed the court to controlling authority, there remain blind spots in the record that prevent the court from fully and fairly deciding the motion to suppress. Because the nature and scope of Spangler's work and the information on which he performed it are described only by the vague, passive-language statements in the "Narratives" at ECF No. 75-7, this court remains unable to tell from this record (1) what, exactly, Spangler did (and thus determine whether he performed a search under the

---

[1] ECF No. 1.

Fourth Amendment); and (2) whether and when he was given, or had access to, the affidavit in support of the warrant.

IT IS THEREFORE ORDERED that **the court will conduct an evidentiary hearing on Thursday, April 4, 2024, at 9:30 a.m., in Courtroom 6D of the Lloyd D. George U.S. Courthouse in Las Vegas, Nevada.** The court expects that the government will present the testimony of Detective Spangler, who should be prepared to testify in detail about his involvement in this case, including but not limited to:

(1) What, exactly, Spangler did with King's devices that are the subject of the report at ECF No. 75-7;

(2) What items, information, or data Spangler observed during that work;

(3) When and how Spangler received the warrant referenced on page 9 of 10 of the report [ECF No. 75-7 at 10]; and

(4) Whether the affidavit in support of the search warrant was included with Spangler's warrant copy.

_____
U.S. District Judge Jennifer A. Dorsey
March 26, 2024