UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff<br><br>v.<br><br>Kenton Hardy King,<br><br>   Defendant | Case No.: 2:20-cr-00344-JAD-DJA<br><br>**Order Granting in Part Motion to Continue Evidentiary Hearing**<br><br>[ECF No. 111] |

   Defendant Kenton Hardy King is charged with sexual exploitation of children, attempted sex trafficking of children, possession of child pornography, and coercion and enticement.[1] He moves to suppress the evidence found on his cell phone, arguing that the search warrant was overbroad and did not properly incorporate an affidavit that would have provided more specificity. The district court held a hearing on the current objections to the magistrate judge's most recent report and recommendation to deny the suppression motion on March 26, 2024. But that hearing only left the court with more questions than answers, so an evidentiary hearing was set for tomorrow, April 4, 2024,[2] and the government was directed to bring Detective Spangler to testify on a number of topics that the court has enumerated by order, including what items, information, or data he observed when conducting the forensic download of information from King's devices using the Cellebrite tool.[3]

---

[1] ECF No. 1.

[2] ECF No. 110.

[3] *Id*.

King moves to continue that evidentiary hearing by at least 60 days, arguing that the defense needs a full copy of the Cellebrite reports in order to "meaningfully cross-examine Detective Spangler" at this hearing.[4] And the government has said that it will take at least 60 days for Spangler to scrub from those reports the child sexual-abuse material so they can be provided to the defense. It disagrees with the defense's assertion that it needs these reports for this limited-scope hearing but agrees that a brief continuance to allow the parties an opportunity to potentially resolve this issue or this case could be productive and in the interests of justice.[5]

The record at this point does not support the defense's argument that production of the full Cellebrite reports is essential to cross examine Spangler. The topics of inquiry will be narrow, and I cannot at this time conclude that the defense will be prejudiced in its efforts without those reports. So (although I can't understand why the Cellebrite reports have not yet been prepared or produced in this three-year-old case) I don't find that a 60-day continuance is warranted.

But I am persuaded that a brief continuance will be useful. The government represents in its response to the motion that counsel is actively negotiating both this suppression issue and this case generally.[6] In light of the age of this case and the importance of this suppression issue, I find that a one-week continuance is in the interest of justice.

. . .

---

[4] ECF No. 111 at 4.
[5] ECF No. 112.
[6] *Id.*

IT IS THEREFORE ORDERED that **the motion to continue the evidentiary hearing [ECF No. 111] is GRANTED in part; the 4/4/24 hearing is continued to 4/11/24 at 9:30 a.m.** And per defendant's request [ECF No. 113], his appearance at the hearing is waived.

_____
U.S. District Judge Jennifer A. Dorsey
April 3, 2024