UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENTON HARDY KING,<br><br>Defendant. | Case No. 2:20-cr-00344-JAD-DJA<br><br>**PROTECTIVE ORDER** |

The Court finds the following Order restricting the use and dissemination of data containing Child Sexual Abuse Material (hereinafter the "CSAM") conforms with the requirements of the Adam Walsh Act (the "Act"), 18 U.S.C. § 3509, and Federal Rule of Criminal Procedure 16.

1. There is good cause to enter this Order allowing Defendant to evaluate the data extracted from Defendant's cellular telephones and victim H.S.'s cellular telephone, including the CSAM, while also ensuring the security of information protected from dissemination under the Act.

2. The Government must make available for examination, inspection, and where appropriate, copying (expressly excluding any CSAM) all data extracted from the cellular telephones. To achieve this goal, the Federal Bureau of Investigation ("FBI") must make a duplicate copy of the data extracted from the cellular telephones seized in the investigation of this matter.

3. The duplicate digital evidence must be made available to defense counsel, Joanne L. Diamond, and Defendant's proposed expert, Josiah Roloff, to review at the FBI office in Las Vegas, Nevada at reasonable hours and for reasonable lengths of time.

4. A private room must be provided for examination by the defense. For the duration of the time the room is reserved by defense, when not occupied by defense counsel or his expert, the room must be locked, and a copy of this Order must be posted

on the door. No purposeful or direct surveillance of the room, the expert, or defense counsel will occur while one or both are in the room.

5. The expert will be permitted to bring whatever equipment, books, or records he believes necessary to conduct the examination so long as FBI rules, regulations, and protocols allow. Defendant is not required to release or identify any examination tools or methods (including, but not limited to software tools) to the FBI, prosecutors, or prosecution experts, until required to do so under reciprocal discovery obligations, as applicable. The expert is prohibited from accessing or enabling an internet connection on any digital device while inside the facility which houses the CSAM.

6. Neither the defense expert nor defense attorney will remove any CSAM from the FBI offices or otherwise from the Government's offices and control.

7. With the exception of materials that would be considered child pornography under federal or state law (including visual images, media, and data capable of conversion into a visual image), the expert may download and remove files or portions of files, provided the forensic integrity of the evidence is not altered. The expert will certify in writing (using an agreed upon certification) that he has taken no materials that would be considered child pornography under federal or state law and that he has not caused any child pornography to be sent from the Government's premises by any means including any electronic transfer of files. The expert will invoke a data wipe of his device using Dell Data Wipe or an industry standard equivalent program to ensure there are no remnants of CSAM on the device once the expert's work is complete. The expert will certify that he has removed all remnants of CSAM from his device, including from the hard drive, memory, internal and external storages, and all unallocated space within the device.

8. Except when a defense expert or attorney fails to provide this certification, or unless there is court authorization, no government official or any person connected with the government will examine or acquire in any fashion any of the items brought

and used by the expert in order to conduct the defense analyses. No examination of the expert's equipment will occur upon his departure from government offices. However, should a defense expert fail to certify that the items to be taken off site do not contain child pornography or if a court issues a lawful order, government officials may then inspect or examine the materials brought and used by the expert in order to ensure that prohibited child pornography has not been removed.

9. When the defense indicates that it is finished with its review of the copy of the digital evidence, the evidence will be returned to the FBI or its governmental designee.

10. Any disputes regarding the above or problems implementing this Order must be brought to the attention of the Court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED this 12th day of June 2024.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE