JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
STEVEN ROSE
Assistant United States Attorney
Nevada Bar No. 13575
JEAN N. RIPLEY
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Rose@usdoj.gov
Jean.Ripley@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-344-JAD-DJA |
| Plaintiff, | **Stipulation For Forfeiture as to Kenton Hardy King and Order** |
| v. | |
| KENTON HARDY KING, | |
| Defendant. | |

The United States of America and Kenton Hardy King, and his counsel, Joanne L. Diamond, agree as follows:

1.     The government and Kenton Hardy King agree to the forfeiture of the property and the imposition of the forfeiture of the property as set forth in this Stipulation for Forfeiture as to Kenton Hardy King and Order (Stipulation), the Bill of Particulars, and Forfeiture Allegations One and Two of the Criminal Indictment.

2.     Kenton Hardy King was found guilty of Counts One, Two, and Four of a Four-Count Criminal Indictment charging him in Count One with coercion and enticement in violation of 18 U.S.C. § 2422(b), in Count Two with sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), and in Count Four with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Criminal Indictment, ECF No. 1; Minutes of Jury Trial, ECF No. 194; Jury Verdict, ECF No. 196.

3.      Kenton Hardy King used an Apple iPhone XR, model number MRYR2LL, serial number FFWZC4R1KXKN to message Victim-1 to entice Victim-1 to engage in sexual acts with King. On the Apple iPhone XR, King received solicited videos and photos of Victim-1. Both the Apple iPhone XR and an Apple iPhone 7, model number MN9V2LL, serial number F71SK0U5HG7G contain images and videos of child pornography of Victim-1.

4.      The defendant knowingly and voluntarily:

a.      Agrees to the district court imposing the civil judicial forfeiture and the criminal forfeiture of:

   i.   an Apple iPhone 7, model number MN9V2LL, serial number F71SK0U5HG7G; and

   ii.  an Apple iPhone XR, model number MRYR2LL, serial number FFWZC4R1KXKN

(all of which constitutes property);

b.      Agrees to the civil judicial forfeiture and the criminal forfeiture of the property;

a.      Forfeits the property to the United States;

b.      Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

c.      Waives defendant's right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings);

d.      Waives service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case;

e.      Waives any further notice to defendant, defendant's agents, and defendant's attorney regarding the forfeiture and disposition of the property;

f.      Agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the property; agrees not to contest, and agrees not to assist any

2

other person and entity to contest, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, and other documents in any proceedings;

        g.      Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

        h.      Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

        i.      Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

        j.      Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

        k.      Agrees to the entry of an Order of Forfeiture of the property to the United States;

        l.      Waives the right to appeal any Order of Forfeiture;

        m.      Agrees the property is forfeited to the United States and can be taken into custody immediately by the USAO;

/ / /

n.      Agrees and understands the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon defendant in addition to the forfeiture;

o.      Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e);

p.      Acknowledges the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

q.      Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents facilitating property of illegal conduct and is forfeitable; and

r.      Admits the property is (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 2422(b); (2) any property, real or personal, used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 2422(b); (3) any visual depiction described in 18 U.S.C. § 2251 or § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §§ 2251(a) or 2252A(a)(5)(B); and (4) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §§ 2252(a) or 2252A(a)(5)(B) or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 2428(a)(1); 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 2253(a)(1); and 18 U.S.C. § 2253(a)(3).

5.      Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

6.      The Stipulation contains the entire agreement between the parties.

7.      Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

8.      The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

9.      This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

10.     Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

11.     This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

1      IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was

2  reasonable cause for the seizure and forfeiture of the property.

3  DATED: July 29, 2024                DATED:   August 6, 2024

4  Federal Public Defender             JASON M. FRIERSON
                                       United States Attorney
5

6  /s/ Joanne L. Diamond               Steven J. Rose

7  JOANNE L. DIAMOND                   STEVEN ROSE
   Counsel for Kenton Hardy King       Assistant United States Attorney
8                                      JEAN N. RIPLEY
                                       Assistant United States Attorney
9  DATED: July 29, 2024

10

11 /s/ Kenton Hardy King
   KENTON HARDY KING
12

13

14

15                                     IT IS SO ORDERED:

16

17

18                                     _____
                                       JENNIFER A. DORSEY
19                                     UNITED STATES DISTRICT JUDGE

20                                     DATED: 8/7/2024

21

22

23

24

25

26

27

28