# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-344-JAD-DJA |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| KENTON HARDY KING, | |
| Defendant. | |

This Court finds Kenton Hardy King was found guilty of Counts One, Two, and Four of a Four-Count Criminal Indictment charging him in Count One with coercion and enticement in violation of 18 U.S.C. § 2422(b), in Count Two with sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), and in Count Four with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Criminal Indictment, ECF No. 1; Minutes of Jury Trial, ECF No. 194; Jury Verdict, ECF No. 196.

This Court finds Kenton Hardy King agreed to the forfeiture of the property set forth in the Stipulation for Forfeiture as to Kenton Hardy King and Order (Stipulation), the Bill of Particulars, and Forfeiture Allegations One and Two of the Criminal Indictment. Criminal Indictment, ECF No. 1; Minutes of Jury Trial, ECF No. 194; Jury Verdict, ECF No. 196; Stipulation, ECF No. 203.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Bill of Particulars and Forfeiture Allegations One and Two of the Criminal Indictment and the offenses to which Kenton Hardy King was found guilty.

The following property is (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. §

2422(b); (2) any property, real or personal, used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 2422(b); (3) any visual depiction described in 18 U.S.C. § 2251 or § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §§ 2251(a) or 2252A(a)(5)(B); and (4) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §§ 2252(a) or 2252A(a)(5)(B) or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 2428(a)(1); 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 2253(a)(1); and 18 U.S.C. § 2253(a)(3):

1. an Apple iPhone 7, model number MN9V2LL, serial number F71SK0U5HG7G; and
2. an Apple iPhone XR, model number MRYR2LL, serial number FFWZC4R1KXKN

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Kenton Hardy King in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet

government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Misty L. Dante
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED August 8, 2024.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE